LILLIAN MULINOS et al., Respondents, *v.* COLISEUM CONSTRUCTION CORP., Appellant.

First Department, December 8, 1964.

*Sidney Advocate* of counsel (*Bachkoff, Miller & Steger,* attorneys), for appellant.

*Andrew A. Gore* of counsel (*Nathan Feinstein,* attorney), for respondents.

*Per Curiam.* On this motion to dismiss for lack of prosecution, it is quite clear that prosecution of the action was unreasonably delayed and no satisfactory explanation of the delay was tendered. Nor was any proper affidavit of merits submitted. In short, the situation presented is one of a claim lacking merit which has been consequently neglected. These facts show an intention not to pursue the claim, which intent is the true basis of a motion to dismiss for lack of prosecution (*Sortino* v. *Fisher,* 20 A D 2d 25). Special Term, however, denied the application on the ground that CPLR 3216, as amended effective September 1, 1964, was applicable and precluded the relief requested.

We assume that Special Term was correct to the extent that at the time the motion was submitted to the court, the amendment was in effect. But we disagree that the amendment is applicable to the facts presented. The amendment provides that " No such motion based upon the failure of the plaintiff to serve and file a note of issue within the time limited therefor by law or rule, shall be made or granted until at least six months has expired since the joinder of issue.'' The amendment further provides that the motion may not be granted unless a written demand is served on plaintiff directing him to file a note of issue within 45 days. Obviously, the amendment has no application and makes no change in the law in situations not based upon a failure to file or serve a note of issue. In this connection, it should be noted that the filing of a note of issue does not preclude a motion to dismiss for lack of prosecution (see collation of authorities, *Sortino* v. *Fisher, supra,* p. 30, subd. 7). Where a note of issue has been filed, as appears in the instant case, it would be an obvious futility to serve a demand for its service. And it is equally obvious that the motion is not based upon the failure to serve the note of issue. It follows that the amendment does not affect defendant's application, and no other obstacle to the relief requested having been shown, it should have been granted.

Order denying motion to dismiss for lack of prosecution should be unanimously reversed, on the law and the facts and in the exercise of discretion, and motion granted, with costs.

BREITEL, J. P., VALENTE, McNALLY, EAGER and STEUER, JJ., concur.

Order, entered on October 13, 1964, unanimously reversed, on the law and the facts and in the exercise of discretion, with $30 costs and disbursements to the appellant, and the motion to dismiss the complaint granted, with $10 costs.